1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR.,

    *Plaintiff*,

vs.

MED. DEPT. CLARK CO. DETENTION CENTER*, et al.*

    *Defendants*.

2:09-cv-02054-JCM-LRL

ORDER

    This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections comes before the court for initial review under 28 U.S.C. § 1915A.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

1   (2009).  That is, bare, naked and conclusory assertions that merely constitute formulaic

2   recitations of the elements of a cause of action and that are devoid of further factual

3   enhancement are not accepted as true and do not state a claim for relief.  *Id.*

4          Further, the factual allegations must state a plausible claim for relief, meaning that the

5   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

6

7                   [A] complaint must contain sufficient factual matter,
            accepted as true, to "state a claim to relief that is plausible on its
            face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

8           S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial
            plausibility when the plaintiff pleads factual content that allows the

9           court to draw the reasonable inference that the defendant is liable
            for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The

10          plausibility standard is not akin to a "probability requirement," but
            it asks for more than a sheer possibility that a defendant has

11          acted unlawfully. *Ibid.*  Where a complaint pleads facts that are
            "merely consistent with" a defendant's liability, it "stops short of

12          the line between possibility and plausibility of 'entitlement to
            relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

13

                    . . . . [W]here the well-pleaded facts do not permit the court
14          to infer more than the mere possibility of misconduct, the
            complaint has alleged - but it has not "show[n]" - "that the pleader

15          is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

16   *Iqbal*, 129 S.Ct. at 1949-50.

17          Allegations of a *pro se* complainant are held to less stringent standards than formal

18   pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

19   L.Ed.2d 652 (1972).

20          In the present case, plaintiff James Atkins seeks to raise claims concerning the medical

21   care that he received at the Clark County Detention Center ("CCDC") while a pretrial detainee.

22   He seeks injunctive relief and monetary damages.

23          The present complaint does not state a claim upon which relief may be granted and/or

24   fails to state a viable claim upon a nonfictitious defendant upon whom service actually can be

25   ordered.

26          Plaintiff seeks to proceed against, in their individual and official capacities: (a) Dr. John

27   Doe ## 1 and 2; (b) the "Med. Dept. Clark Co. Detention Center;" (c) Clark County, Nevada;

28   and (d) the Clark County Detention Center.

1    Plaintiff may not proceed against the Clark County Detention Center and the "Med.
2  Dept. Clark Co. Detention Center."  CCDC is not a juridical person subject to suit but instead
3  is a building or facility.  Plaintiff may not sue a building.  The medical department at CCDC
4  similarly is not a juridical person subject to suit but instead is a department at a facility.

5    Plaintiff may not pursue an official capacity claim against Clark County, Nevada (there
6  is no individual capacity claim in this context) -- or against an officer thereof -- absent factual
7  allegations tending to establish that the alleged constitutional violations occurred pursuant to
8  an official policy, custom or practice of the municipality.  *See,e.g., Butler v. Elle*, 281 F.3d
9  1014, 1026 n.9 (9th Cir. 2002); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d
10 912, 925 (9th Cir. 2001).  The complaint does not contain any such allegations.  The complaint
11 accordingly fails to state a claim against Clark County.

12   Service cannot be effected against the two remaining John Doe defendants, who are
13 named only fictitiously, even if, *arguendo*, the complaint otherwise stated a claim against the
14 fictitious defendants in their individual capacity.

15   Moreover, any claim for injunctive relief is moot as plaintiff no longer is detained at
16 CCDC.

17   The court will give plaintiff an opportunity to file an amended complaint presenting a
18 viable claim or claims against a nonfictitious defendant upon whom service may be effected.

19   If plaintiff files an amended complaint, he should note the following :

20   First, in the space of the complaint form for describing the "nature of the case," plaintiff
21 should briefly summarize – in the space provided – only the most basic allegations of the
22 case, such as, for example, that officers of the jail were deliberately indifferent to a serious
23 medical need in violation of the Fourteenth Amendment.  The "nature of the case" portion of
24 the complaint form is not the place to set forth extensive and detailed factual allegations.  The
25 specific factual allegations instead should be made under one or more of the counts in the
26 complaint.

27   Second, plaintiff must state a claim in a count in the body of the complaint itself.
28 Plaintiff may not merely state: "See Medical Record, Court Records, Jail Records and

N.D.O.C. Records."  Such a vague reference to various records with no factual allegations completely fails to state any constitutional claim.  Plaintiff must state the factual allegations supporting his claims in the complaint itself without incorporation of records at other locations.

Third, a pretrial detainee is protected by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment.

Fourth, nothing in the complaint supports a claim for "discrimination."  Plaintiff, again, must allege specific facts, not conclusory labels.

Fifth, plaintiff may not recover for mere negligence under the federal civil rights laws. *See,e.g., Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

IT THEREFORE IS ORDERED that the clerk of court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02054-JCM-LRL, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The clerk of court shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

/ / / /

1         If plaintiff does not timely mail an amended complaint to the clerk for filing, a final

2    judgment dismissing this action will be entered.  If the amended complaint does not correct

3    the deficiencies identified in this order and otherwise does not state a claim upon which relief

4    may be granted, a final judgment dismissing this action will be entered.

5         DATED:  November 8, 2010.

8    _____

9    JAMES C. MAHAN
     United States District Judge

-5-